UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DYDRO ROSEMOND,

        Plaintiff,

v.

        Case No. 8:09-cv-2590-T-33MAP

JANET NAPOLITANO, SECRETARY
OF THE DEPARTMENT OF HOMELAND
SECURITY, ET AL.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Designate Case in Track One (the "Motion" Doc. # 17), which was filed on April 21, 2010. On May 3, 2010, Plaintiff filed a Response to the Motion (Doc. # 18).

On December 23, 2009, Plaintiff filed a complaint for injunctive and declaratory relief against the federal Defendants in their official capacities, challenging the denial of Plaintiff's Form 1-131 Application for Travel Document, which Plaintiff filed on behalf of his minor child. (Doc. # 1 at ¶¶ 1-3). Plaintiff contends that the denial of the Form 1-131 Application was arbitrary, capricious, and otherwise not in accordance with the law. Plaintiff challenges Defendants' decisions under the Administrative Procedures Act, 5 U.S.C. § 701, et seq. (the "APA").

On March 26, 2010, this Court designated this case as a Track Two case under Local Rule 3.05, M.D. Fla. (Doc. # 12).

Defendants submit that this Court should have designated this case as a Track One case because the Court's role is to review the administrative record. As explained in Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir. 1996), "The focal point for judicial review of an administrative agency's action should be the administrative record." Furthermore, Local Rule 3.05(b)(1)(A), M.D. Fla., lists as a Track One case "an action for review on an administrative record."

Plaintiff agrees that "the administrative record should be the starting point" but that "in certain situations, discovery beyond the administrative record may be appropriate." (Doc. # 18 at 2).[1] Plaintiff notes that Defendants have not yet produced a certified administrative record in this case, and thus, it is not possible for Plaintiff to determine whether he will need discovery. Plaintiff indicates that he "is agreeable to moving this case to Track One only if Plaintiff is not barred from requesting discovery at a later date, after production and review of the administrative record." (Doc. # 18 at 2-3).

---

[1] Particularly, Plaintiff notes that discovery in an APA case may be needed when "(1) an agency's failure to explain its actions effectively frustrates judicial review; (2) it appears the agency relied on materials or information not included in the administrative record; (3) technical terms or complex subjects need to be explained; or (4) there is a strong showing of agency bad faith or improper behavior." (Doc. # 18 at 2 citing Preserve Endangered Areas of Cobb's History, 87 F.3d at 1247 n.1).

This Court determines that it is appropriate to convert this case into a Track One case. Plaintiff's rights to discovery in this case are governed by <u>Preserve Endangered Areas of Cobb's History</u>, 87 F.3d 1246 (finding that "certain circumstances may justify going beyond the administrative record [but] a court conducting a judicial review is not generally empowered to do so" and upholding a district court's decision to prohibit discovery in an APA case)(internal quotations omitted).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendants' Motion to Designate Case in Track One (Doc. # 17) is **GRANTED**.

(2) The Clerk is directed to designate this case as a Track One case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of May 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel and Parties of Record